[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10093
Non-Argument Calendar

_____

D. C. Docket No. 04-00066-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE DAVON CAWTHON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 15, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges

PER CURIAM:

After pleading guilty, Maurice Davon Cawthon appeals his 240-month total

sentence for possession with intent to distribute cocaine base, in violation of 21

U.S.C. §§ 841(a) and 841(b)(1)(B)(iii), and three firearms offenses, in violation of 18 U.S.C. §§ 922(g), 924(c)(1)(A), and 924(c)(1)(B)(i), and 26 U.S.C. §§ 5861(d) and 5871. After review, we vacate Cawthon's sentences and remand this case for resentencing.

## I. BACKGROUND

A federal grand jury returned an indictment, charging Cawthon with one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii) (Count 1), and three counts of firearms offenses, in violation of 18 U.S.C. §§ 922(g), 924(c)(1)(A), and 924(c)(1)(B)(i), and 26 U.S.C. §§ 5861(d) and 5871 (Counts 2, 3, and 4). Thereafter, the government filed an enhancement information, pursuant to 21 U.S.C. § 851, notifying Cawthon and the district court that Cawthon was subject to the increased penalty provisions of §§ 841 and 924 based upon a prior state felony conviction in Florida for possession of a controlled substance.

Pursuant to a plea agreement, Cawthon pled guilty to all four counts charged in the indictment. At the plea hearing, the district court informed Cawthon that, due to his prior conviction in Florida, Count 1 carried a statutory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. Cawthon's counsel noted that an issue had arisen as to the validity

of the enhancement, and that the parties had agreed to discuss the issue at sentencing.

At the first sentencing hearing, the district court asked Cawthon whether he was going to challenge his state conviction for possession of a controlled substance that was serving as the basis of the § 851 enhancement. Cawthon's counsel responded that Cawthon could not, in good faith, challenge the conviction because he was, in fact, convicted in that case. The district court noted that Cawthon had been convicted of possession of the controlled substance hydrocodone, but, according to the probation officer, Cawthon had indicated that he had a prescription for the hydrocodone.

Under further questioning, Cawthon's counsel stated that he believed that once a state conviction was no longer subject to collateral attack in state court, it could not be attacked collaterally in federal court for purposes of the application of a sentencing enhancement. The district court responded that although it had not researched this issue, it did not believe that federal sentencing could be controlled by state procedures. The government argued that this Court had held that a defendant could not use a federal court to attack collaterally a state conviction out of time, but must, instead, collaterally attack the conviction in state court.

The district court instructed Cawthon that if he wanted to challenge the prior

3

state conviction, then he needed to raise his objection immediately, because once the district court imposed his federal sentence, he no longer would be able to challenge his state conviction. Cawthon then moved to continue the sentencing hearing in order to investigate the matter further, and the district court granted his motion.

Thereafter, Cawthon filed a motion for a further continuance of his sentencing. In his motion, Cawthon asserted the following as to his state conviction: (1) he would testify that he had a prescription for the hydrocodone; (2) he had been unable to reach the dentist who had provided him with the prescription because the dentist's office was closed until further notice due to Hurricane Ivan; and (3) the pharmacy that dispensed the prescription had changed ownership, and he would need an additional two weeks to obtain the previous owners' records.

The government filed a memorandum of law addressing the validity of Cawthon's prior state drug conviction and Cawthon's ability to attack this conviction collaterally at sentencing. The government argued that because Cawthon had failed to attack his prior Florida drug conviction collaterally in state court, he could not challenge the use of this conviction for sentencing enhancement purposes in federal court.

Pursuant to 21 U.S.C. § 851(c), Cawthon filed a written challenge to the

4

§ 851 enhancement, arguing that his prior state drug conviction was invalid because: (1) he had a prescription for the hydrocodone; and (2) his drug conviction was obtained as a result of ineffective assistance of counsel, because his trial counsel in Florida state court had failed to conduct an investigation or complete discovery depositions.[1]

The district court adopted the government's position that Cawthon was prohibited from challenging the validity of his state drug conviction during his federal sentencing hearing. Accordingly, the district court concluded that Cawthon's prior state drug conviction was a valid conviction for § 851 purposes. The district court then sentenced Cawthon to: (1) 120 months' imprisonment as to Counts 1 and 2, with the sentence for Count 2 running consecutively to the sentence imposed on Count 1; and (2) 57 months' imprisonment as to Counts 3 and 4, with these sentences to be served concurrently with each other and with the sentences imposed on Counts 1 and 2.

## II. DISCUSSION

Pursuant to § 851(a)(1), "[n]o person who stands convicted of an offense

---

[1]Cawthon also argued that the government's enhancement information failed to comply with the notice requirements in § 851(a)(1) because the notice was vague and failed to state the court of conviction and case number relating to the prior felony drug conviction. The § 851 notice stated: "The defendant, **MAURICE DAVON CAWTHON**, on or about February 7, 2001, was convicted in the State of Florida, of the offenses of possession of a controlled substance, and fleeing or attempting to elude." Because the § 851 notice adequately informed Cawthon of his conviction, this argument is without merit, and not discussed further.

5

under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous conviction to be relied upon." 21 U.S.C. § 851(a)(1). Under § 851(c)(1), if the defendant claims that the conviction alleged in the information is invalid, then "he shall file a written response to the information." 21 U.S.C. § 851(c)(1). Furthermore, if a defendant challenges his prior conviction, § 851(c)(1) provides that "[t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment . . . . The hearing shall be before the court without a jury and either party may introduce evidence. 21 U.S.C. § 851(c)(1).

More importantly, this Court has concluded that "if the defendant files a written response claiming that a conviction is invalid, a hearing like that contemplated under section 2254 is exactly what section 851 requires." United States v. Sanchez, 138 F.3d 1410, 1417 (11th Cir. 1998); see Custis v. United States, 511 U.S. 485, 492, 114 S. Ct. 1732, 1736 (1994) ("The language of § 851(c) shows that when Congress intended to authorize collateral attacks on prior convictions at the time of sentencing, it knew how to do so."). Furthermore, "the language of the statute [§ 851(c)(1)] is mandatory, requiring strict compliance with

the procedural requirements of sections 851(a) and (b)." Sanchez, 138 F.3d at 1417 (citations omitted).

The government now concedes that its position at sentencing was incorrect, but argues that this Court should review Cawthon's appeal for plain error because he failed to challenge specifically the district court's refusal to conduct an evidentiary hearing regarding his challenge to his prior state drug conviction. However, this Court has already indicated that: (1) the hearing in § 851(c) is mandatory; (2) that when a defendant challenges his prior conviction in the § 851 context, the district court is obligated to hold an evidentiary hearing; and (3) when a district court fails to hold a mandatory hearing under § 851(c), the government has the burden of proving the error was harmless. Id.

Indeed, this case is similar to Sanchez where this Court noted that "[a]t the sentencing hearing, defense counsel, the government and the court all expressed some confusion or doubt about the appropriate procedure in the face of such a challenge" under § 851(c). Id. at 1416. In Sanchez, this Court placed the burden on the government to prove that the district court's failure to provide the mandatory hearing under § 851(c)(1) was harmless. Id. at 1417. This Court further concluded that in situations like the one before us now it is "appropriate, however, to vacate the sentence and remand to the district court so that the proper

7

papers can be filed, and a hearing held in accordance with what the statute requires." Id.[2]

Accordingly, we vacate Cawthon's 240-month total sentence on all four counts in its entirety, and remand this case to the district court for a § 851(c) evidentiary hearing and for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[2]We note that the government has not even argued that the error was harmless.